1

2

3                                                                    *E-filed 5/14/09*

4

5

6                                    NOT FOR CITATION

7                        IN THE UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                   SAN JOSE DIVISION

10

11  JOSE DE LA PAZ SORTO, on behalf of himself          Case No. C08-00189  HRL
    and all other similarly situated plaintiffs,

12                                                       **ORDER GRANTING DEFENDANT'S**
            Plaintiff,                                   **MOTION TO SET ASIDE ENTRY OF**
13                                                       **DEFAULT**
        v.
                                                         Re: Docket No. 22
14

15  HANNEGAN, BENSON & CO., INC. doing
    business as C.B. HANNEGAN'S, CHRIS
16  BENSON, DOES 1-10,

17          Defendants.

18  _____/

19

20          Plaintiff Jose Sorto alleges defendants violated California's labor laws and the Federal

21  Fair Labor Standards Act ("FLSA"). After Sorto properly requested entry of default, it was

22  entered against defendants on February 25, 2009. Before the court is defendants' Motion to Set

23  Aside Default.  Plaintiff opposes the motion.[1]  The court held a hearing on April 21, 2009.

24  Having considered the papers filed by the parties and the arguments of counsel, the court now

25  GRANTS defendants' motion.

26

27

28
    _____
            [1]      Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties who have
    appeared in this action have expressly consented that all proceedings may be heard and
    finally adjudicated by the undersigned.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## I.  BACKGROUND

Sorto worked for defendant restaurant C.B. Hannegan's. Defendant Chris Benson is an owner and/or manager of the restaurant. Sorto claims he was not paid in accordance with the FLSA and other relevant wage and hour statutes. Both the original and amended complaints[2] appear to have been served on defendants.

Benson did not retain counsel when served with the initial complaint. Instead, he initiated contact with Sorto's counsel, attempting to resolve the matter. After being served with the amended complaint, Benson wrote a letter indicating his willingness to work on settling the case. When plaintiff's counsel did not respond, Benson "believed the case had been abandoned," and let it go. Then, six months later, "out of nowhere," he received notice that plaintiff had requested entry of default. Defendants scrambled to retain counsel, who contacted plaintiff's attorney within days. Plaintiff's counsel informed him that default had just been entered by the court against both defendants. Unable to get plaintiff to stipulate to set the entry of default aside, defendants now bring the instant motion.

## II.  LEGAL STANDARD

"The court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c).  The Ninth Circuit has formulated three areas of inquiry to guide the court's analysis: (1) whether setting aside the entry of default prejudices the plaintiff; (2) whether defendant's culpable conduct led to the default; and (3) whether defendant has a meritorious defense. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).

## III.  DISCUSSION

### A.  Prejudice to Plaintiffs

Sorto argues that setting aside the default will "indefinitely delay" his efforts to recover from defendants.  Every plaintiff has this same argument.  Notwithstanding plaintiff's claim that he will "suffer extreme prejudice" if the default is set aside, the record does not demonstrate a particularly high level of urgency on plaintiff's part to pursue his legal rights.

---

[2]  Plaintiff filed his initial complaint in January, 2008, then filed an amended complaint six months later. Because the defendants had not filed responsive pleading, the amended complaint is operative. *See* Fed. R. Civ. P. 15(a)(1)(A).

**United States District Court**
For the Northern District of California

1   The original complaint was filed in January, 2008. Six months later, plaintiff filed an

2   amended complaint. About a month after filing the amended complaint, he moved for "Entry of

3   Default Judgment." He did not serve a copy of this "motion" on defendants. At the initial case

4   management conference, in August, 2008, the court explained to plaintiff's counsel that the

5   "motion" was procedurally improper because default (the prerequisite to a default judgment)

6   had not been requested or entered against the defendants. Counsel for plaintiff agreed to remedy

7   this error by withdrawing the motion for default judgment, and filing a request for entry of

8   default. However, he failed to take either step. Eventually, five months later, the court denied

9   the motion as procedurally improper.

10   "[W]here there has been no merits decision, appropriate exercise of district court

11   discretion requires . . . that the finality interest should give way fairly readily, to further the

12   competing interest in reaching the merits of a dispute." *TCI*, 244 F.3d at 696.  Because

13   plaintiff's argument that he is prejudiced by further delay is not weighty, he does not make a

14   persuasive case for prejudice. Therefore, the court gives greater weight to the more compelling

15   interest of reaching the merits of the dispute.

16   **B. Defendants' Culpable Conduct**

17   Defendants claim that they attempted in good faith to contact plaintiff's' counsel and

18   negotiate a settlement on their own. After receiving no response to a letter they sent to plaintiff's

19   attorney in June, 2008 (shortly after receiving the amended complaint) defendants did nothing.

20   Apparently, defendants (mistakenly) believed that no news was good news, and that plaintiff's

21   counsel's failure to respond to their offers to "talk" was a sign that plaintiff was not longer

22   interested in pursuing the case.

23   Courts in the Ninth Circuit have defined a defendant's conduct as culpable "where there

24   is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith

25   failure to respond." *TCI*, 244 F.3d at 698 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice*

26   *Bar*, 168 F.3d 347, 350 (9th Cir.1999)). Applying that standard, the court concludes that

27   defendants' neglect was not culpable. Defendants had not sought the advice of counsel, and

28   while their assumption that Sorto had dropped the lawsuit was faulty, it was not indicative of

3

**United States District Court**
For the Northern District of California

1    willful, deliberate, devious or bad faith in their failure to respond.  If defendants have a defense

2    to plaintiffs' claims, then they should be permitted to assert the defense and subject the claim to

3    a judicial determination.

4    **C.  Meritorious Defense**

5          The final, and most important consideration, given the court's interest in reaching the

6    merits of a dispute, is whether defendants have a meritorious defense. Defendants claim they

7    do. Defendant Benson claims he was not plaintiff's employer within the definition of the

8    relevant statutes. And, both defendants deny the allegations that Sorto was not properly

9    compensated. They claim he had regular time cards, and was "well aware of the procedures for

10   clocking in and out." Further, defendants claim that if the default is not set aside, they will be

11   extremely prejudiced. The amended complaint seeks $100,000 in damages. Defendants fear that

12   a judgment entered in this amount would force closure of the restaurant.

13         Defendants have shown the possibility of meritorious defenses to Sorto's claims.

14   Because of the strong policies favoring a decision on the merits, the court GRANTS defendants'

15   motion to set aside the entry of default.

16

17   **IT IS SO ORDERED.**

18   Dated: 5/14/09

19   HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

                                                    4

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT VIA ECF.

*Counsel are responsible for providing copies to co-counsel who have not registered for e-filing.

Dated: 5/14/09

                                    /s/  MPK
                          Chambers of Magistrate Judge Howard R. Lloyd

United States District Court
For the Northern District of California

5